are we are we ready council's on the table thank you council okay yeah i was muted mute here um the next case is appeal number 22 to 666 monta anderson versus the united states and mr fleterman hello may it please the court eric fleterman for petitioner appellant monte anderson the sixth amendment guaranteed mr anderson a lawyer who would learn the facts of his case and who would advocate for him during the negotiation of his plea what he got instead was a lawyer who recommended that he take a plea deal for a 20 year prison sentence without investigating whether the government could prove its case for an enhanced sentence now that this case has been subjected to the kind of adversarial testing that it should have received during mr anderson's original criminal proceedings it is clear that the did not discover and indeed did not investigate now our decision in the last appeal presumes that the death results enhancement was the only way that mr anderson might be subject to a mandatory life term and so i take it that your position here is that we should not consider there might have been other grounds on which mr anderson could have been subject to a mandatory life term because the government did not raise them in the last appeal in the prior appeal is that right that would certainly be uh my initial argument yes your honor uh that this the law of the case the government uh did not raise this argument um you know on the initial motion to dismiss proceedings uh nor on this case's last trip to this court uh the first time we hear about these um predicate convictions uh as being a reason why she did not investigate was at the evidentiary hearing um however if this court were to consider those grounds as some kind of um you know as i'm sure the government uh will argue as some kind of strategic reason why she did not uh investigate or contact a toxicologist well in that case then we look to the evidence and the arguments that we presented to the district court about these predicate offenses um and the evidence that was presented in the district court shows that miss uh schneider any of the three noticed predicate offenses uh that that the government intended to base an enhanced sentence on in this case um notably strickland sets the standard here strickland states that strategic choices made after less than complete investigation are reasonable precisely and only to the extent that reasonable professional judgments support the limitation on investigation and so the question here is did miss schneider hines make a reasonable professional judgment when she did not pick up the phone to call a toxicologist to um try to understand the evidence that she admittedly did not understand and did not have the qualifications to understand did she make a reasonable professional judgment in not doing that uh because of these alleged multiple pathways to mandatory life that mr anderson faced um those pathways that she discussed and that were discussed at the evidentiary hearing were based on three predicate offenses all of which had meritorious arguments uh against them that miss schneider hines failed to identify uh the first one was i'm sorry your honor go ahead no i apologize um your honor that the first one uh the 2009 attempted possession of heroin conviction uh i i think bears a little bit of discussion here that one was so obviously not a felony drug offense that when judge mim ordered a briefing on this issue below the government had to concede that that felt that alleged felony drug offense that it had noticed uh during mr anderson's original criminal proceedings in fact is punishable as a misdemeanor it in fact was not a felony drug offense at all the government uh conceded that below and the fact that miss schneider hines did not even mention that obvious flaw uh with that conviction uh is plain evidence that she did not investigate these uh prior convictions or whether they could support any kind of independent path to a mandatory life sentence mr flutterman are you arguing that there had to be a mandatory life sentence kicking in in order for there to be ineffective assistance of counsel here so in other words if if there were sufficient evidence that there was a 20-year mandatory minimum as opposed to life do you agree that she could have been effective is it is your argument hinging on the life as your honor the argument is hinging on the choice that mr anderson was faced with correct i understand that but underlying that is it based on the 20 year as opposed to the mandatory minimum only here your honor we we are arguing that all of the bases for the statutory enhancement the mandatory minimum of 20 years could have been um that's what i that's what i thought you were arguing but i thought i heard something different yes yeah apologies your honor um yes to to clarify miss schneider hines could have and should have identified meritorious arguments to attack every single pathway to a um statutory enhancement here uh and is as miss schneider hines stated herself uh at the change of plea hearing this statutory enhancement is what is her opinion at the sentencing hearing or i'm sorry the change of plea hearing was that if uh if the statute did not apply here if we're only looking at guidelines mr anderson's likely guidelines range would be at or below 20 years um and that's what this court discussed and held in this case's last trip to this court um the likely guidelines range mr anderson would be looking at uh would be something like 168 to 210 months um and and judge saint eve um kind of expanding on on your question is i'm sure the government will argue uh well yes you know there may have been arguments related to you know whether you can attack different pathways to the um to the the statutory enhancement but at the end of the day you know one of those might have held in the last uh opinion in this case was that even if he's facing a mandatory minimum of 20 years if he goes to trial it is still perfectly rational for mr anderson to reject a plea deal to a certain 20 years because even if that plea deal might shave off a little bit of prison time mr anderson still uh would have been perfectly uh reasonable and made the rational choice to reject that initial plea offer um and to proceed towards trial mr slederman if mr anderson were to prevail and proceed to trial am i correct in thinking that he does have at least one prior felony drug conviction the 2020 um cook county cannabis conviction and am i correct so far or no your honor it was uh i believe it was a 2000 um cannabis conviction uh and apologies that one uh your honor that one would not count as a felony drug uh offense for purposes of inclusion uh or for purposes of of supporting um a statutory enhancement here that is because under the procedures set forth in section 851 the government has to file an 851 notice that states all of the convictions that it is planning to rely on uh in order to enhance a sentence before trial or before a plea of guilty here the evidence supports that the government didn't know about that 2000 cannabis conviction but nothing would stop the government from filing that if this went down for a retrial would it if it went down for a retrial that's true your honor nothing would would stop the government from filing that and i think there were two that were identified in the psr that had not been originally included in the 851 notice correct one of those was a cocaine conviction it was subject to the exact same ruth type argument uh that we make with the 2006 um cocaine conviction so this this cannabis one is really kind of the only one hanging out there um for purposes but if the jury let's say if the jury convicted him on the conspiracy charge and found him responsible for the serious bodily injuries to the other two individuals he could face a mandatory life term right or not that's correct your honor if if the government were able to prove that uh the brief loss of consciousness uh by one of these um victims was a serious bodily injury and if the government were able to overcome uh arguments that you know at least one of the predicate offenses uh counted then yes mr anderson would be facing mandatory life in that circumstance that is i mean does does he appreciate the possibility do you know your honor if we're talking about practical purposes here if if the court were to grant him relief uh and for if if he were to go down and and re um you know be be reinitiated into these criminal proceedings uh congress has amended 841 under the the first step act um so in fact the the felony drug offense language that we're talking about has now been changed to serious drug felony in order for something to be a serious drug felony he has to have been actually imprisoned for at least a year uh in order for it to count um as we argued to the district court um below that none of his prior convictions would count so i i realize that's a bit aside from the the habeas proceedings here but um for it to answer your question for practical purposes um the government has a much steeper hill to climb now with those uh with those amendments um but i mean so a 20-year mandatory minimum sentence would apply if death or serious bodily injury results from the use of the heroin i think you you agree with that absent any predicate so putting aside the the other convictions and the failure to investigate the death we know that there were two other individuals here who overdosed from heroin and had to get hospital treatment and that was known at the time in light of of that how can we say that it would be objectively unreasonable for a lawyer to counsel against a 20-year plea deal because by her own testimony she thought that argument was that's her subjective belief i don't think that's something we look at we it's an objective test for purposes of habeas relief and the question is what would have been objectively reasonable to counsel not to subjectively here and that's what i'm struggling with correct your honor and and as wiggins held and as this court held and and the last opinion in this case um in order to make that objective assessment you have to look at what evidence was available to the lawyer and what would have been reasonable would it have been reasonable for the lawyer to press on in that circumstance if the only um but you know had she identified these arguments to the predicate offenses and so now her her multiple pathways to mandatory life is already off the table now she's looking at the this is 20 years i agree and at that point for her to not pick up the phone and consult with a toxicologist and say hey does the i and i i don't disagree with you on the death issue i'm focused on the serious bodily harm which is separate it's defined as a substantial risk of death under 21 usc 802 25 so if you have the risk of serious bodily injury which is defined as a substantial risk of death and you have two individuals who have overdosed on heroin and required hospital treatment how i come back to my question how could it be objectively unreasonable to take this plea or to recommend this plea deal because that didn't require further investigation we know the facts from the record there were two individuals they overdosed on heroin and they had to be revived and they had to get hospital treatment with respect to those two individuals one william holmes there were clear causation issues that in fact mish neiderhines identifies in the record that chain supposedly goes from mr anderson to mr mancini who do you need that that but for causation for purposes of the serious bodily injury you do enhancement not the not the death i know we need it for death you do it's in the same clause in the statute you need that exact same uh exacting but for proof um so with respect to mr holmes there are there are serious um even just chain of custody issues related to where he actually uh got the heroin from with respect to miss heilman uh i think there's quite a bit of discussion about credibility issues um she was a purported co-conspirator in the case um in in i'm sure she overdosed from heroin i what would that credibility go to i think that fact is undisputed the fact that she required medical treatment after ingesting heroin is undisputed with respect to you know how she got the heroin with respect to whether there was some kind of mixed um intoxication here similar to mr reader these are open questions that i mean have we point in the in the investigation and where this as she states unsupported argument uh was the only remaining thing uh that the government could get to 20 years with um she absolutely would press those challenges i see my time has expired um you will get your uh rebuttal thank you hello mr simpson i uh may please the court uh your honors i'm scott simpson on behalf of the united states uh it would be tempting here i think to skip right to the merits the court has a lot of issues that it's facing here but we need to address a couple of additional issues before we get to the when i look at our decision in the last appeal um it seems very clear to me that we were operating on the assumption that the death results enhancement coupled with one uh prior felony drug conviction was the only potential trigger for a mandatory life term when i look at the government's brief in that appeal i could not find any mention of either of the two alternative grounds for a mandatory life term that you raised before judge mim and in your brief here why didn't the government weigh those alternatives by not raising them in the prior appeal wasn't that precisely the time to raise them your honor a couple two three points on that the issue here is whether the trial attorney provided an effective assistance and it's clear from the trial attorney's testimony at the remand hearing that she was aware of the actual state of section 841 at the time at the development time here and i believe i believe our brief in this anderson's sentencing uh true and i apologize for this our prior brief in this appeal did summarize section 841 incorrectly uh and but that was again uh anderson's attorney recognized it correctly uh understood it correctly um during the sentencing proceedings below earlier during his during his trial time and that is reflected in the remand hearing and i believe that again i believe our brief in this appeal does state that correctly so some some preliminary issues uh your honors and i think it's important i think these issues are important because we need to defend uh the principle that uh an appellant cannot appeal issues that are not in the certificate of appealability number one and number two uh that a defendant of a movement under section 2255 cannot raise issues that are not in the section 2255 motion first of all a few a few words on the scope of the certificate of appealability um much of what mr anderson argues on that issue in uh in his in his reply brief in a sense misses the point here because the district court here not only limited the certificate of appealability to the prejudice uh issue the prejudice prong under strickland but also did not even decide that issue so if this court uh were to address now the question of adequate performance the first prong of strickland the court would not be deciding an appeal but would be deciding that issue in the first instance based on the remand hearing testimony and number two although the district court uh did address the question of effective assistance in relation to the sentencing predicates as has already been discussed uh the court's certificate of appealability pointedly also omitted that question um so we have mr anderson on appeal here has has both of those problems uh in relation to what he is trying to raise on appeal uh both the first prong of strickland and the uh sentencing predicates neither of them should be involved in this appeal uh but look um assuming that we reached the potential alternative grounds for a mandatory life term then why isn't it appropriate for mr anderson to be able to argue that miss schneider heights was ineffective for failing to investigate his criminal history and to identify the various flaws with his predicate convictions i mean doesn't the reasonableness of her advice to accept the plea deal hinge not only on the viability of um the death results enhance it but also whether he actually had one or more prior felony drug convictions and either of the two other alternatives for a mandatory life term you've identified requires at least one predicate conviction if not two so it seems very hard for me to leave his criminal history than what his attorney knew or did not know about it out of the analysis and i think judge mim seems to have recognized that very point in his decision below so i can understand i can understand that your honor but but we also have a waiver issue on the part of mr anderson um well you have a real waiver issue too so i mean but go ahead actually i'll go ahead and address that one first too your honor i i believe it was uh i believe it was your honor judge rovner who first uh raised that uh earlier today um so the the argument that mr anderson makes at this point that um his assertion that the government waived an argument that uh mr anderson faced multiple avenues to uh to a to a 20-year sentence or of course also a life life sentence in prison um mr anderson agreed uh to obviously agreed in his in his type c plea agreement to a sentence of 20 years and he says now that his attorney should have investigated further the cause of james reader's death um so in the course of having to address that under the prejudice prong of strickland uh the court the district court has to look at whether the alleged failure on the part of the defense attorney prejudiced the the defendant and so in the course of doing that judge mim uh in his remand order had to say had had to make the decision was there prejudice and the court said no there wasn't prejudice because there were several avenues to a sentence of life in prison or 20 years uh so logically uh the court said below that mr anderson uh would not have changed his plea and insisted on going to trial even if his attorney had investigated further the cause of mr reader's death so that's not that's part of that's an essential part of the district court's analysis here under strickland it's that's not a claim that the government uh could have waived it's just the outcome of that analysis that essential analysis under strickland um even if we were to avoid all of the even if we disregard all those issues uh mr anderson now argues that he didn't need to assert the constitutional constitutional and effective assistance in relation to his sentencing predicates um i think i think the argument that they make in the reply brief is that he he didn't know he needed to do that uh before the remand proceedings but mr anderson obviously knew that he faced life in prison uh he obviously knew that he he could not have gotten to that point of facing life in prison without at least one prior drug drug felony conviction felony drug conviction also in his plea agreement mr anderson acknowledged the fact that he faced a sentence of 20 years if he had one prior uh felony drug conviction and he acknowledged in his plea agreement that he faced life in prison if he had two such convictions and he also expressly waived in the pre in the plea agreement the right for the for the government to file an 851 notice section 2255 movements movements do of course sometimes uh assert that their jet that their attorney provided an effective assistance in relation to the looking into sentencing predicates mr anderson could have done that and we submit that he should have done that if he wanted to challenge his counsel's assistance in that respect we've referred a number of times here to the to this court's prior decision in this case one of the issues that this court resolved in that decision was the court rejected the government's effort to raise a timeliness issue that was not raised below this court we submit should take the same approach now in relation to mr anderson's challenge to his sentencing predicates and reject the petitioner's effort now to raise a challenge regarding his sentencing predicates that he did not raise in his section 2255 motion so if i could talk a little bit about the sentencing predicates themselves assuming the court gets past all of those all of those procedural barriers the question of course here is not just whether the sentencing predicates were valid or whether council provided constitutionally deficient performance and not and not challenging them the question here is a is well we assert first of all waiver but even if it's not waiver it's at least forfeiture so mr anderson has to overcome the the forfeiture standard of review he has to present extraordinary circumstances about whether counting those predicates under section 841 constituted plain error no matter what we think about at this point what we think about or at the time of ruth no matter what we thought about those sentencing predicates we have to look at it now through that error i think the number four has been talked about in relation to the number of mr anderson sentencing prior drug felony offenses i think the actual number is four that and that is leaving aside the 2009 conviction which we admit was was a misdemeanor so that doesn't count but even aside from that we have four the 2006 cocaine conviction in illinois the 2000 uh possession of cannabis conviction in illinois and the 2000 manufacturer or delivery of cocaine conviction in illinois and number four the 2013 conviction for possession of heroin what you you think therefore but let's say let's just pretend that we think it's important to nail down how many you know really valid predicate felony drug convictions mr anderson had and whether miss schneiderhines was ineffective in failing to identify the various problems with those convictions do you think at this point there is a need for an additional hearing before judge mim on those questions i mean if a lot of ifs but what do you think your honor i don't think there would be a need for an evidentiary hearing on those i mean i think i think the records uh if in case the court can't hear me i i think not i think there would not be a need for an evidentiary hearing on those on those predicate convictions i what those convictions actually entailed um one or two of those of course are cocaine convictions uh we submit your honors that uh it was those were valid sentencing predicates at the time the court had not even adopted the categorical approach uh in relation to making that felony drug offense determination in 2015 that didn't even come until 2018 uh i think i think a judge miss schneiderhines could not be held responsible for anticipating the ruth decision at that time in 2015 uh on the on the 20 on the 2000 convictions there's been references to the fact that they were not included in the 851 notice um as i believe it was judge saint eve pointed out uh the government could have uh filed an amended 851 notice at any time before sentencing which probably would have happened if mr anderson had chosen to go to trial and also i besides that fact uh defense counsel testified during the remand hearing that one of the first things she did was review the criminal history the criminal history provided by uh both the probation off both the um the probation office and by the government the prosecution but she didn't do any investigation if she had done an investigation for her thing would have noticed as one of them as a misdemeanor true your honor looking at what they are and investigating are two separate things true your honor but part of the reason why we talk why i want to make so clear how many prior convictions there were aside from that 2009 misdemeanor um judge mr anderson would have had to have shown that three of his four to avoid a life sentence just on the basis of his of his are you counting one from the psr that was not in the 851 because there were only three identified in the 851 one of them was a misdemeanor one of them the 2013 conviction the time to appeal it hadn't expired yet so i don't think that one can qualify so you have one left in the 851 well actually your honor i wanted to go ahead and what are the four if you would please certainly which one am i missing 2006 and i think the one that we need to address is the 2013 but i'll go ahead and list all of them 2006 uh cocaine conviction 2000 cannabis conviction 2000 so you are bringing in two of the convictions from the psr that were not in the 851 and we're bringing in the 2013 that was in the 851 conviction um and your honor uh mr and i see that my time has expired no no just keep talking please okay thank you your honor um in i i'm not sure this came up in oral argument but in its in its in his reply mr anderson talks about uh the issue as to whether um the uh the uh state conviction that was final before he committed the federal conviction which is what the statute 4841 requires um we have the decision in the garcia case uh from 1994 um and that decision addressed that exact issue the court there held that mr garcia's state possession conviction that was imposed toward the end of his federal conspiracy so the issue here is that what we have both in garcia and in this case is a federal conspiracy conspiracy goes a certain length of time and then garcia the federal through at least september 26 1992 the state conviction um and as far as we can tell from garcia it says it became final based on when the garcia decision says that uh that that charge was brought it looks like based on the garcia decision that that march 7 1991 date that garcia gives for the state that state conviction for possession of cocaine was simply the conviction from trial court and then in this case we have the federal conspiracy went from may 2010 to may 2013 the state conviction mr anderson state conviction uh occurred he was convicted on march 25 2013 so just as in garcia the state conviction occurred during the federal conspiracy but the federal conspiracy continued after that the date of that state conviction so garcia held garcia i'll even quote one sentence if i could garcia the garcia decision said garcia is asking this court to hold that a prior conviction should apply for purposes of the mandatory minimum only if the conspiracy commences after the conviction becomes final and this court rejected that argument in garcia so yes we do believe that the 2013 cocaine conviction also qualifies my time is right of course i could address the merits if uh if the court has any questions on that we believe that the district court uh thoroughly got that right the court the judge uh judge mim said there were two choices either accept that type c agreement for 20 years or challenge it uh try to try to try to get rid of that uh the mr cause of mr reader's death but as the district court said here that would risk losing the 20-year sentence guarantee and exposing petitioner to a potential mandatory life sentence even if their challenge was successful type c agreement type c agreement the purpose is part of the purpose is to avoid to eliminate the uncertainty of sentencing yes here there were uncertainties but mr anderson rationally and and ms schneider heinz rationally advised him to accept that type c agreement for 20 years to avoid all those uncertainties which could have led him to and uh mr flatterman um go ahead thank you your honor um just a few points first um the garcia case that the government mentioned is an opposite uh that case the language that the government just quoted when the prior conviction becomes final was a question that that opinion did not deal with at all um in that case that question didn't matter because there was a long period of time between whenever the conviction became final and the end of the federal allegations here there was a very narrow window of time and every circuit to have considered that question uh even at the time that these plea negotiations were happening uh came down in favor of the conviction isn't final until the window for appellate review is concluded uh so there was a very meritorious argument against the 2013 conviction that miss schneider heinz failed to identify um with respect to whether there is sufficient evidence in the record that miss uh schneider heinz investigated the predicate offenses i asked her point blank at the evidentiary hearing whether she investigated the criminal history her testimony was she doesn't remember judge mim actually asked her um did you have any reason to predicate offenses she says i don't remember but i would have looked at the criminal history in the psr even taking that is true the psr is too late the psr is after mr anderson has already entered a plea deal she conducted no external investigation that is clear from her testimony and from her time sheets uh that are in the uh in in the record as exhibits for the event you're hearing let me ask you this if we're confronted with the 2006 possession of cocaine as a the single valid prior and if we concede that there wasn't an adequate investigation into the reader death um isn't the single 2006 conviction together with the enhancement for either heileman or homes sufficient to recognize that there would have been a life sentence potential no it is not that is what this court held in the last opinion the last opinion assumed that one predicate offense would survive here and that mr anderson would face a mandatory minimum of at least 20 years if he went to trial right the choice he was faced with was you know do you take this plea deal to 20 years or do you face certain mandatory life the government just has to show these predicate convictions exist and make its case that you distributed heroin and you get mandatory life that was the choice mr anderson was faced with that is the product of inadequate investigation um and i see my time has expired um we'd ask this question if you have if you have something that you feel you really need to say just go ahead i haven't stopped you um just with respect to judge saint eve going back to your your serious bodily injury question um and and just from yours yours as well if assuming where you know she had investigated these predicate convictions um but you know whether one survives or one doesn't it's a different ball game when we go from three to one and then we're looking at is it though if you have serious bodily injury with it it is in the sense of plea negotiations because in this plea negotiation mr anderson is faced with one of the pathways to mandatory life the most certain and easy one from ms schneider heinz's perspective was all the government has to do is prove two predicate offenses and he distributed over a thousand grams of heroin and he has mandatory life without that pathway it it would have been unreasonable to not uh continue investigating um the death or the serious bodily injury if we could go back just a second to uh i think judge rovner's question can we be comfortable today that uh mr anderson recognizes that success on this appeal could expose him to a much greater sentence if the government couldn't make the case below i i think mr anderson is comfortable with that your honor that is of course me speaking consulting him directly that's that's a critical question i think that council needs to be aware of in discussing you know the possible ramifications of a quote successful appeal here two quick responses with respect to the the 2015 world in which we're analyzing this question um it is clear from the change of plea hearing transcript and the death of of a young man um and i think had he been presented with the choice to attack that allegation even if it exposed him to additional prison time um i think there is substantial evidence in the record and he's certainly shown a reasonable probability that he would have rejected the plea deal and pressed towards trial and then for again practical purposes today um as as we argued in the post hearing brief on the post convictions in the district court um we submit that mr anderson would be facing uh the amended version of the statute under which um his his sentencing exposure is much less thank you we ask this court to reverse okay before you leave though hello hello hello yes sorry i don't blame you for wanting to get away but not before we thank you and um your firm uh jenner for um just um the truly fine advocacy um that that uh you have shown throughout the case as well as mr simpson and the government uh who also has the deep thanks of the court thank you both so very very much thank you thank you all right